*Costello McDonald v. FedEx Ground Package System, Inc., et al.*,
USDC Central District, Western Division

**Defendant FedEx Ground Package System, Inc.'s Notice of Removal**

**EXHIBIT 1 (Complaint)**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/26/2021 05:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:21-cv-02800-RAO   Document 1-2   Filed 03/31/21   Page 2 of 17   Page ID #:18
21STCV07791
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Scheper

MARLIS PARK, P.C.
Brent P. Marlis SB# 284654
  E-Mail: brent@marlispark.com
Young K. Park SB# 287589
  E-Mail: young@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
COSTELLO MCDONALD

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| COSTELLO MCDONALD, an individual;<br><br>Plaintiff,<br>vs.<br><br>FEDEX GROUND PACKAGING SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21STCV07791<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF FEHA<br>2. FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA<br>4. RETALIATION IN VIOLATION OF FEHA<br>5. WRONGFUL TERMINATION |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff COSTELLO MCDONALD (hereinafter "MCDONALD" or "Plaintiff") for his Complaint against Defendant FEDEX GROUND PACKAGING SYSTEMS, INC., a Corporation; and DOES 1 through 50 (hereinafter "FEDEX," and collectively "Defendants") alleges as follows:

**PARTIES**

1. Plaintiff MCDONALD is an individual residing in the State of California. Plaintiff MCDONALD was an employee of Defendant FEDEX at all relevant times herein mentioned.

2. On information and belief, Defendant FEDEX is a Delaware corporation organized and existing under the laws of the State of Delaware, authorized to do business in California, and Plaintiff's employer at all relevant times herein mentioned.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest

in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of individual defendant.

7. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant employed and continues to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

8. Plaintiff has exhausted his administrative remedies. Plaintiff timely filed charges against Defendant with the California Department of Fair Employment and Housing on February 25, 2021 and received a "Right-to-Sue" notice.

## VENUE AND JURISDICTION

9. This Court has jurisdiction over this matter because Defendants conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Los Angeles because Plaintiff performed work for Defendants in the County of Los Angeles.

## FACTUAL ALLEGATIONS

10. MCDONALD started working for FEDEX on or around November 17, 2015 and continued working until he was unlawfully discharged on March 22, 2019.

11. MCDONALD was a package handler specifically a heavy lifter and earned $15.10 per hour. His job duties included physical loading, unloading and/or sorting of heavy packages by hand, and lifting, pushing, pulling, carrying and placing heavy packages.

12. MCDONALD injured his shoulder at work the week of March 4, 2019 and was treated at Centinela Hospital at 555 E. Hardy St. in Inglewood, California. He was provided Motrin and told to ice his injury to keep the swelling down. MCDONALD returned to work and notified his employer that he was in pain.

13. MCDONALD continued to experience pain after returning to work. He informed his supervisors Alex Sanchez (also known as "Junior") and Esteban [last name unknown] of the

pain and swelling that he was experiencing. MCDONALD provided a doctor's note to Junior and was told to go back to work. Defendant did not engage MCDONALD in the interactive process to determine whether reasonable accommodations could be made.

14. On or around March 19 and March 20, 2019, MCDONALD had no other choice but to miss work due to excruciating pain he was experiencing. He received outbound and inbound contact numbers for human resources to report his absence and left a voice message. He was in pain, confused and believed the company was making it intentionally difficult for him to report his injury.

15. On or around March 21, Defendants started the termination process via its Employee Separation Form. On or around March 22, Stephanie Bellamy in human resources confirmed the decision to terminate MCDONALD for no call / no show (job abandonment).

16. On March 22, MCDONALD was admitted to the emergency room at Torrance Memorial Medical Center. MCDONALD was instructed to rest, ice and elevate the affected areas. Additionally, he was required to wear a knee brace and sling to supports his shoulder and prescribed medication for the pain and inflammation. Lastly, MCDONALD was required to take 4 days off work to allow time to heal and reduce the swelling.

17. On or around March 29, Defendant provided MCDONALD with his final paycheck and terminated his employment.

18. At no point during MCDONALD's employment did Defendant make any effort to engage in the interactive process or provide accommodations for MCDONALD's disability. Instead, Defendant coldly terminated his employment under a pre-textual reason.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**[Govt. Code § 12940(a), et seq.]**

**(Against All Defendants)**

19. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

20. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a disability.

21. Defendant discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating his employment while he was disabled. Plaintiff provided necessary doctors note. Defendants were aware of his disability yet did nothing to accommodate him. Instead, Defendants coldly terminated his employment.

22. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

23. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

24. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

**[Govt. Code § 12940(m)]**

**(Against All Defendants)**

25. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

26. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

27. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive

1   process with Plaintiff to determine effective reasonable accommodations to the extent she
2   needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq*.
3   28. As a proximate result of Defendants' willful, knowing and intentional discrimination against
4   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,
5   Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.
6   29. As a proximate result of Defendants' willful, knowing and intentional discrimination against
7   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,
8   Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and
9   mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further
10  entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et*
11  *seq*.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

**[California Government Code § 12940(n)]**

**(Against All Defendants)**

30. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.
31. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.
32. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.
33. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code § 12940, et seq.

# FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### [California Government Code §12940]

### (Against All Defendants)

34. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

35. At all times herein mentioned, Cal. Gov. Code § 12940, et seq. ("the FEHA") was in full force and effect and binding on Defendants. Accordingly, Defendants were required to refrain from retaliating against Plaintiff for engaging in activities protected under the FEHA, including but not limited to, taking a medical leave, requesting medical leave and/or complaining about harassment.

36. Defendant's conduct described above is in violation of various statutes of this state, including but not limited to, California Government Code § 12940(m). Plaintiff engaged in protected activities and was subsequently terminated for doing so.

37. As a direct and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, in an amount according to proof.

38. The retaliation described herein was wrongful and justifies the imposition of punitive damages since the retaliation was against public policy. Defendants committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by retaliating against Plaintiff after complaining that she was being harassed. Moreover, Plaintiff is informed and believes and thereon alleges that Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents, to prevent retaliation against employees for exercising their rights under the FEHA. Defendants' managers, officers and/or agents were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent retaliation against and upon employees of Defendant

for exercising their rights under FEHA. However, Defendants' managers, officers, and/or agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should therefore be awarded exemplary punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against All Defendants)**

39. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

40. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the FEHA as described above and in violation of the public policy set forth in Government Code section 12950.1.

41. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

42. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general, special, compensatory damages;

(b) For exemplary and punitive damages;

- 8 -
COMPLAINT FOR DAMAGES

1  (c) For emotional distress damages;
2  (d) For reasonable attorneys' fees;
3  (e) For pre-judgment and post-judgment interest at the maximum legal rate;
4  (f) For costs of suit incurred;
5  (g) For such other and further relief as the Court deems just and proper.

DATED: February 25, 2021          MARLIS PARK, P.C.

                                  By: _____
                                  Brent P. Marlis
                                  Young K. Park
                                  Attorneys for Plaintiff,
                                  COSTELLO MCDONALD



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 25, 2021

Anona Su
, California
Brent Marlis
3600 Wilshire Blvd., Suite 1815
Los Angeles, California 90010

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202102-12727326
Right to Sue: McDonald / FedEx Ground Packaging Systems, Inc.

Dear Anona SuBrent Marlis:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 25, 2021

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202102-12727326
       Right to Sue: McDonald / FedEx Ground Packaging Systems, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 25, 2021

Costello McDonald

,

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202102-12727326
       Right to Sue: McDonald / FedEx Ground Packaging Systems, Inc.

Dear Costello McDonald:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 25, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Costello McDonald                                      DFEH No. 202102-12727326

                              Complainant,
vs.

FedEx Ground Packaging Systems, Inc.
,
                              Respondents

---

**1.** Respondent **FedEx Ground Packaging Systems, Inc.** is an **employer FedEx Ground Packaging Systems, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Costello McDonald**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **March 29, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** 10.   MCDONALD started working for FEDEX on or around November 17, 2015 and continued working until he was unlawfully discharged on March 22, 2019.

-1-
*Complaint – DFEH No. 202102-12727326*

Date Filed: February 25, 2021

11. MCDONALD was a package handler specifically a heavy lifter and earned $15.10 per hour. His job duties included physical loading, unloading and/or sorting of heavy packages by hand, and lifting, pushing, pulling, carrying and placing heavy packages.

12. MCDONALD injured his shoulder at work the week of March 4, 2019 and was treated at Centinela Hospital at 555 E. Hardy St. in Inglewood, California. He was provided Motrin and told to ice his injury to keep the swelling down. MCDONALD returned to work and notified his employer that he was in pain.

13. MCDONALD continued to experience pain after returning to work. He informed his supervisors Alex Sanchez (also known as "Junior") and Esteban [last name unknown] of the pain and swelling that he was experiencing. MCDONALD provided a doctor's note to Junior and was told to go back to work. Defendant did not engage MCDONALD in the interactive process to determine whether reasonable accommodations could be made.

14. On or around March 19 and March 20, 2019, MCDONALD had no other choice but to miss work due to excruciating pain he was experiencing. He received outbound and inbound contact numbers for human resources to report his absence and left a voice message. He was in pain, confused and believed the company was making it intentionally difficult for him to report his injury.

15. On or around March 21, Defendants started the termination process via its Employee Separation Form. On or around March 22, Stephanie Bellamy in human resources confirmed the decision to terminate MCDONALD for no call / no show (job abandonment).

16. On March 22, MCDONALD was admitted to the emergency room at Torrance Memorial Medical Center. MCDONALD was instructed to rest, ice and elevate the affected areas. Additionally, he was required to wear a knee brace and sling to supports his shoulder and prescribed medication for the pain and inflammation. Lastly, MCDONALD was required to take 4 days off work to allow time to heal and reduce the swelling.

17. On or around March 29, Defendant provided MCDONALD with his final paycheck and terminated his employment.

18. At no point during MCDONALD's employment did Defendant make any effort to engage in the interactive process or provide accommodations for MCDONALD's disability. Instead, Defendant coldly terminated his employment under a pre-textual reason.

Date Filed: February 25, 2021

1   VERIFICATION

2   I, **Brent Marlis**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.
4
    On February 25, 2021, I declare under penalty of perjury under the laws of the State
5   of California that the foregoing is true and correct.

6                                                                           **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    -3-
                              *Complaint – DFEH No. 202102-12727326*
28  Date Filed: February 25, 2021